IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEROL OCKRASSA, et al., on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEIGHT WATCHERS, NORTH AMERICA, INC., et al.,<br><br>Defendants. | No. C 04-02873 CRB<br><br>**ORDER GRANTING PRELIMINARY CLASS CERTIFICATION AND SETTLEMENT APPROVAL** |

Plaintiffs allege that defendants violated various state and federal wage and hour laws. Now pending before the Court is the parties' motion for preliminary approval of class certification and settlement. After carefully considering the papers submitted by the parties, as well as the terms of the settlement, the Court concludes that oral argument is unnecessary and GRANTS the parties' motion for the reasons set forth in the motion.

Accordingly, the Settlement Agreement and amendment filed by the parties with the Court is approved, and Counts Three through Seven are provisionally certified under Rule 23 as to the following class: All current and former employees of either Weight Watchers North America, Inc. or Weight Watchers International, Inc. employed in the State of California in the positions of Leader, Receptionist, or Location Coordinator at any time during the period between July 15, 2000 and July 10, 2005 (the "Class Members"). Except for periods that

1 such persons held the designated positions, the Class shall not include any person holding
2 any other position not expressly included in the definition of the Class in this Order or in the
3 parties' stipulation for settlement.

4     Cherol Ockrassa, Robin Thomas, Grace Wood and Jessica Wood are appointed as
5 Representatives of the Class, and the following attorneys are appointed as Class Counsel:
6 Rybicki & Blevens, LLP and Beyers Costin P.C.

7     Rosenthal & Company, LLC is approved as the Settlement Administrator, as chosen
8 by the parties. The Settlement Administrator shall comply with all responsibilities and
9 deadlines delineated in the parties' Settlement Agreement.

10     Notice of the proposed settlement and of Class Members' right to (i) object to the
11 settlement or (ii) exclude themselves from the settlement shall be distributed in the forma and
12 manner provided in the Settlement Agreement and as stated in Exhibits C and D to the
13 parties' motion, <u>except that</u>, at page 3 of Exhibit C, line 1, the Notice shall read that the Court
14 has "tentatively approved that *up to* $541,192.06 . . ." (addition in italics), and at line 4 it
15 shall read that the "Class Representatives will be paid *up to* $10,000.00 . . ." (addition in
16 italics). The same "up to" language shall be added to paragraph VIII on page 5 of the Notice
17 with respect to fees and costs.

18     The Court tentatively approves as fees, costs and a reserve fund to be deducted from
19 the settlement fund an amount up to that sought by counsel in their motion. The Court also
20 tentatively approves payment of up to $10,000 to each Class Representative.

21     A hearing (the "Fairness Hearing") shall be held on **May 25, 2007 at 10:00 a.m.** in
22 Courtroom 8 to consider whether the proposed settlement should be given final approval.
23 With respect to the Fairness Hearing, the following shall apply:

24     a.    Written objections to the proposed settlement by Class Members will be
25     considered if received in the form and manner provided in the Settlement
26     Agreement and served no later than March 13, 2007. Written argument in
27     support of any such objections must be filed with the Court and served on all
28     counsel no later than March 20, 2007.

b. At the Fairness Hearing, Class Members may be heard orally in support of the settlement. They may also be heard in opposition to the settlement, provided they submitted a timely written objection by the Objection/Exclusion Deadline Date.

c. Counsel for the parties shall be prepared at the hearing to respond to objections filed by Class Members and to provide other information, as appropriate, bearing on whether the settlement should receive final approval.

d. In the event the proposed settlement is approved, all Class Members who have not properly excluded themselves from the settlement will be deemed to have forever released and discharged the defendants to the extent provided within the Settlement Agreement. If the proposed settlement is not finally approved, this preliminary approval and the Settlement Agreement shall have no further effect.

**IT IS SO ORDERED.**

Dated: Nov. 9, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE